**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed June 27, 2024; Stay Lifted**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00187-CV

---

### IN RE UNION CARBIDE CORPORATION; THE DOW CHEMICAL COMPANY; PERFORMANCE MATERIALS NA, INC.; MOBILE MINI TANK & PUMP SOLUTIONS, INC.; SPRINT TRANSPORT, LLC; STEVEN DODDS; ALPHA TECHNICAL SERVICES CORPORATION, LC D/B/A QUALA RAIL & SPECIALTY; AND QUALAWASH HOLDINGS, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-13324**

---

## MEMORANDUM OPINION

On Wednesday, March 13, 2024, relators Union Carbide Corporation; The Dow Chemical Company; Performance Materials NA, Inc.; Mobile Mini Tank and

Pump Solutions, Inc.; Sprint Transport, LLC; Steven Dodds; Alpha Technical Services Corporation, LC d/b/a Quala Rail & Specialty; and Qualawash Holdings, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Rabeea Sultan Collier, presiding judge of the 113th District Court of Harris County, to (1) vacate her February 20, 2024 "Order Granting [the real parties in interest] Motion to Compel Expert Reports" and (2) instruct the trial court to enter an order denying real parties in interest February 13, 2024 "Motion to Compel Expert Reports" from relators.

## BACKGROUND

The underlying case involves claims of negligence, gross negligence, and wrongful death connected to a 2019 incident at a Pasadena, Texas facility. The parties filed a "Rule 11 Agreement on Expert Deadlines and Depositions" with the trial court in August 2023. The Rule 11 agreement, which was signed and in writing, stated: "[Relators] are NOT obligated to provide reports."

In February 2024, six months after the parties filed the Rule 11 agreement, real parties in interest filed a "Motion to Compel Expert Reports." The trial court held a hearing on the motion on February 20, 2024. The respondent granted the motion from the bench and signed a written order granting the motion the same day.[1]

---

[1] The parties entered into a second discovery agreement in October of 2023. The parties did not file that signed agreement with the trial court until March 2024, after the trial court signed the order at issue in this petition for writ of mandamus. Thus, we do not address the real parties' in interest argument regarding the later-filed discovery agreement. *See* Tex. R. Civ. P. 11. ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.")

**STANDARD OF REVIEW**

A writ of mandamus may issue to correct a clear abuse of discretion by a trial court. *In re BP Products N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A failure by the trial court to apply the law correctly constitutes an abuse of discretion. *Id*. The relator must show no adequate remedy by appeal exists. *Id.*

**A. ABUSE OF DISCRETION**

Relators allege in their petition for writ of mandamus the trial court abused its discretion when it granted the motion to compel relators to provide expert reports because it failed to enforce the Rule 11 agreement, which stated: "[Relators] are NOT obligated to provide reports." To determine if the trial court abused its discretion in failing to enforce the Rule 11 agreement, we must establish whether (1) the agreement was enforceable; and (2) the trial court had good cause to set aside the discovery agreement. *See id.* at 845–46.

***1. Was the Rule 11 agreement enforceable?*** Texas Rule of Civil Procedure 191.1 provides that "except where specifically prohibited" the parties may modify the "rules pertaining to discovery" by agreement. *Id.* at 845. (quoting Tex. R. Civ. P. 191.1). An agreement is enforceable when it complies with the terms of Texas Rule of Civil Procedure Rule 11. *Id.* at 845-46. Rule 11 states "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. "A trial court has a ministerial duty to enforce a valid

Rule 11 agreement." *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 n. 58 (Tex. 2007).

Here, the Rule 11 agreement was enforceable because it complied with Rule 11 as it was in writing, signed, and filed with the trial court on August 15, 2023. Thus, the agreement in this case complied with the requirements of Rule 11. *See* Tex. R. Civ. P. 11. The parties do not argue that the agreement was specifically prohibited or that the agreement was outside the scope of Rule 191.1. *See BP Products.*, 244 S.W.3d at 846. Thus, the trial court had a ministerial duty to enforce the Rule 11 agreement, which stated: "[Relators] are NOT obligated to provide reports." Therefore, the next step in the inquiry is determining whether the trial court had good cause to set aside the discovery agreement. *See id.* at 845–46.

**2. Did the trial court have good cause to set aside the Rule 11 agreement?** The Texas Supreme Court has addressed "the scope of a trial court's power to set aside an otherwise enforceable Rule 191.1 agreement." *Id.* at 846. Consistent with its powers over discovery, a trial court may modify discovery procedures and limitations for "good cause." *Id.* (citing Tex. R. Civ. P. 191.1). This power, however, is not "unbounded." *Id*. (citing Tex. R. Civ. P. 191.1 cmt. 1).

Wherever possible, a trial court should give effect to agreements between the parties. *Id*.; *see Fortis,* 234 S.W.3d at 651 n. 58. (trial court had duty to enforce valid Rule 11 pretrial agreement). Discovery agreements serve an important role in efficient trial management, permitting the parties to settle their disputes without resort to judicial supervision. *BP Products,* 244 S.W.3d at 846. The Rules of Civil Procedure encourage parties to reach discovery agreements. *Id*. (citing Tex. R. Civ. P. 191.2). When the parties conclude an agreement, the court should not lightly ignore their bargain. *Id*.

Here, the trial court stated it believed the Rule 11 agreement did not prohibit the court from disregarding the Rule 11 agreement; instead, the court determined the Rule 11 agreement only prohibited the parties from enforcing discovery rules among themselves if they violated the agreement. Specifically, the court stated:

> THE COURT: Okay. I appreciate Rule 11 agreements because I do --I stick with the Rule 11 agreement and the very specific words that are written because I think that lawyers should be held to what they've negotiated and what was negotiated is that defendants are not obligated to provide reports. And this is obviously not a Rule 11 agreement that prohibits the Court from doing anything, it's from the plaintiffs from arguing that the defendants are not obligated to provide reports. The Court's going to order that reports are given seven days before the depositions.

Nothing in this statement gives rise to the good cause necessary to set aside a valid enforcement agreement.

Moreover, a court should be particularly reluctant to set aside a Rule 191.1 agreement after one party has acted in reliance on the agreed procedure and performed its obligations under the agreement. *Id.* An easy disregard for partially performed agreements would discourage parties from committing to discovery agreements for fear that the other party would avail itself of the benefit of the bargain and then attempt to avoid its own obligations. *Id*.

Here, relators allege, and real parties in interest concede, that real parties in interest performed their obligations under the Rule 11 agreement before the trial court failed to enforce the agreement in February 2024.[2] In addition to stating

---

[2] In their response, the real parties in interest argue that relators breached the agreement in other regards and, therefore, the agreement should not be enforced. Real parties in interest did not raise this argument before the trial court, so we do not consider it. *See In re Mittelsted*, 661 S.W.3d 639, 659 (Tex. App.—Houston [14th Dist.] 2023, orig. proceeding) ("The extraordinary nature of the mandamus remedy and the

"[Relators] are NOT obligated to provide reports," the Rule 11 agreement specified "[Real parties' in interest] experts will provide reports by September 21." Real parties in interest met this deadline, as required by the agreement. Thus, the trial court lacked good cause to disregard the Rule 11 agreement. *See id.* at 848 (holding trial court lacked good cause to set aside valid discovery agreement where one party had already acted in reliance on the agreed procedure).

The Rule 11 agreement was enforceable because it complied with Rule 11: it was signed, in writing, and filed with the trial court at the time the trial court signed the order at issue in the mandamus petition. Further, the trial court lacked good cause to set aside the order, because no rationale was offered by the trial court giving rise to good cause, and the agreement was partially performed. Therefore, the trial court had a ministerial duty to enforce the Rule 11 agreement, which stated, "[Relators] are NOT obligated to provide reports." *See Fortis* 234 S.W.3d at 651 n. 58. ("A trial court has a ministerial duty to enforce a valid Rule 11 agreement.") Thus, the trial court abused its discretion when it set aside the Rule 11 agreement and granted the motion to compel relators to provide expert reports.

### B. No Adequate Remedy on Appeal

The next prong of the mandamus analysis requires this court to determine if relator lacked an adequate remedy on appeal. Here, the benefits outweigh the detriments of mandamus review because "[d]elaying review until appeal. . . would defeat not only the purpose of the discovery agreement, but also the strong public policy encouraging parties to resolve their discovery disputes without court

requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus.").

intervention." *BP Products,* 244 S.W.3d at 848–49 (holding that mandamus review was available where trial court abused its discretion in setting aside a valid discovery agreement without good cause). Thus, mandamus relief is proper.

## CONCLUSION

Accordingly, we conditionally grant the writ of mandamus and direct the trial court to vacate its February 20, 2024 order and enter an order denying real parties in interest February 13, 2024 motion to compel relators to provide expert reports. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court fails to comply. Further, we lift the stay on the trial court's February 20, 2024 order and deny relators' motion to strike real parties' in interest mandamus record.


PER CURIAM

Panel consists of Chief Justice Christopher, Justices Zimmerer, and Wilson.